NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRACY ANDERSON MIND AND BODY, LLC, a Delaware limited liability company, | No. 24-6936 |
| Plaintiff - Appellant, | D.C. No. 2:22-cv-04735-PSG-E |
| and | |
| T.A. STUDIO NEW YORK, LLC, a California limited liability company, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| MEGAN ROUP; THE SCULPT SOCIETY, LLC, a California limited liability company, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted February 2, 2026
Pasadena, California

Before: LEE, KOH, and DE ALBA, Circuit Judges.

Appellant Tracy Anderson Mind and Body, LLC ("TAMB") appeals the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

district court's order granting summary judgment to Appellees Megan Roup and The Sculpt Society, LLC ("TSS") on TAMB's copyright claim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

A district court's decision to grant summary judgment is reviewed de novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir.), *cert. denied*, 142 S. Ct. 343 (2021). "This court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c)." *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131 (9th Cir. 2003). Summary judgment may be affirmed "on any ground supported by the record." *Cruz v. Nat'l Steel & Shipbuilding Co.*, 910 F.3d 1263, 1270 (9th Cir. 2018).

The district court did not err in granting Roup and TSS summary judgment on TAMB's copyright claim. The Copyright Act sets forth various categories of "original works of authorship fixed in any tangible medium of expression" that are afforded copyright protection. 17 U.S. Code § 102(a)(1)–(8) (listing, under Section 102(a)(4), "choreographic works" as a proper subject matter of copyright protection). But "[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery." *Id.* § 102(b).

Here, on de novo review, this Court concludes that the routines in the TA

Works DVDs (hereinafter, the "DVDs") are uncopyrightable under Section 102(b), and thus not protectable under Section 102(a)(4) of the Act pursuant to this Court's decision in *Bikram's Yoga Coll. of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032 (9th Cir. 2015).

*Bikram's* involved the copyrightability of "a sequence of twenty-six asanas and two breathing exercises, arranged in a particular order, which [the plaintiff] calls the 'Sequence.'" *Id.* at 1035. "[The plaintiff] popularized the Sequence by marketing the many health and fitness benefits it provides." *Id.* In a published book registered with the U.S. Copyright Office, *Bikram's Beginning Yoga Class*, the plaintiff "include[d] descriptions, photographs, and drawings of the Sequence's twenty-six poses and two breathing exercises." *Id.* Specifically, "as [the plaintiff] describe[d] it, the Sequence [as bodily movements] is a . . . 'method' designed to systematically work every part of the body, to give all internal organs, all the veins, all the ligaments, and all the muscles everything they need to maintain optimum health and maximum function." *Id.* at 1038 (internal quotation marks omitted). The plaintiff, alongside his business, then sued the defendants for allegedly infringing on their copyright of the Sequence. *Id.* at 1036.

This Court affirmed a grant of summary judgment to defendants on the copyright claim. The Court concluded that the Sequence was uncopyrightable under Section 102(b) because it was "designed to improve health" and "set[] forth

a method to attain identifiable . . . results." *Id.* at 1036, 1040. *Bikram* further held that "[t]he Sequence is not copyrightable as a choreographic work" under Section 102(a)(4) because it is a method, "idea, process, or system to which copyright protection may '[i]n no case' extend" under Section 102(b). *Id.* at 1044. "This is true," *Bikram* explained, even *if* the Sequence was "conceived with at least some aesthetic considerations in mind." *Id.* at 1040.

Similarly, here, the DVDs, registered with the U.S. Copyright Office, include routines that are described as "featur[ing] a selection and arrangement of movements . . . involv[ing] classic dance steps that are recognized in various dance modalities such as ballet, hip-hop, jazz, and modern dance, as well as modifications to those classic dance steps . . . ." The DVDs were produced and distributed by a fitness company and marketed as "workouts" that "will give you a body you never believed you could have." In one of the trailers for one of the DVDs, Tracy Anderson states the following: "With my Mat Program, I've carefully sequenced moves that help get rid of many typical problem areas . . . . If you do the video enough, you will see amazing results." Anderson describes another DVD as her "dance aerobics video" that uses "choreography" and leads to "optimum calorie burning and [] keep[s] your metabolism going."

As such, the routines TAMB seeks to protect are like the Sequence because both are a series of bodily movements arranged for their "health and fitness

benefits." *See id.* at 1035. "Even if the [routines in the DVDs] could fit within some colloquial definitions of dance or choreography, it remains . . . ineligible for copyright protection" because "the design . . . primarily reflects function, not expression." *See id.* at 1040, 1044. The record also lacks any evidence that the audience for these routines perceives them as expressive choreography. *See Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 940 (9th Cir. 2023) (noting that a protected choreographic work may be presented before an audience, contain dramatic content, or otherwise include elements of an expressive performance). TAMB thus improperly "attempts to secure copyright protection for a healing art . . . designed to yield physical benefits and a sense of well-being." *See Bikram's*, 803 F.3d at 1039. Concluding otherwise would grant TAMB "monopoly rights over these functional physical sequences" and would "extend copyright protection beyond its constitutional [and statutory] limits." *See id.* at 1044.

In sum, given the significant similarities to the Sequence, there is no room for a reasonable difference of opinion, and no genuine dispute of material fact, that the routines in the DVDs are not choreographic works protected by the Act.

**AFFIRMED.**